IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LESLIE EPPS and WILLIAM EPPS,**
**individually and on behalf of**
**all others similarly situated,**                                          **PLAINTIFFS**


**v.**                            **CASE NO. 4:15-CV-00138-JLH**


**WAL-MART STORES, INC.**                                          **DEFENDANT**


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION TO STRIKE DEFENDANT'S RULE 68 OFFER OF JUDGMENT**

This is a class-action lawsuit. In an attempt to avoid liability to the Class,

Defendant Wal-Mart Stores, Inc. has made an offer of individual judgment to Plaintiffs

Leslie and William Epps. For reasons explained in the Eppses' Opposition to

Defendant's Motion to Dismiss, filed today, Walmart's offer does not moot this case. In

this brief, the Eppses ask the Court to strike the Rule 68 offer. Walmart's offer abuses

the rule, puts the Eppses in an impossible position given their obligations to the class,

and potentially subjects them to large litigation costs. Courts within the Eighth Circuit

routinely strike Rule 68 offers in similar circumstances.

When a defendant makes an offer of judgment, the plaintiff must pay post-offer

costs if she rejects the offer and later receives a judgment less than the amount offered.

Fed. R. Civ. P. 68(d) ("If the judgment that the offeree finally obtains is not more

favorable than the unaccepted offer, the offeree must pay the costs incurred after the

offer was made."). In the context of an individual action, this rule logically encourages

settlement. It requires a plaintiff to take a good, hard look at her suit and mull whether

she can recover more than the amount defendant has offered. If she thinks she cannot,

the prospect of paying costs prevents her from wasting the judiciary's time by going to

trial anyway. *See Marek v. Chesny*, 473 U.S. 1, 5 (1985) ("The Rule prompts both parties to

a suit to evaluate the risks and costs of litigation, and to balance them against the

likelihood of success upon trial on the merits.").

This logic does not work in the class-action context, for at least three reasons.

First, an individual Rule 68 offer asks the class representative to neglect her duties to

the class. A putative class representative may not think only about herself—she must

also consider the implications of her decisions for the entire class. Without an offer for

class relief, she cannot do that—which explains why Justice Rehnquist found that

"[a]cceptance need not be mandated . . . since the defendant has not offered all that has

been requested in the complaint (*i.e.*, relief for the class)." *Deposit Guar. Nat'l Bank v.

Roper*, 445 U.S. 326, 341 (1980) (Rehnquist, J., concurring). Walmart is apparently of the

position that the Eppses owe no such duty because a class has not been certified.

However, that position is wrong, as the Eppses explain at length in their Opposition to

the Motion to Dismiss. Using an individual offer to buy off a class representative is

starkly inconsistent with Rule 23 and incompatible with the purpose of Rule 68.

Second, an early Rule 68 offer—even one that offers class relief—can in no way achieve the actual purpose of the Rule, which is to encourage rational settlement talks. As Ms. Epps states in a declaration attached as Exhibit A, the Eppses brought this case to obtain relief for all people whom Walmart might have shorted out of insurance benefits. At this stage of the litigation—prior to any discovery—the Eppses are in no position to evaluate aggregate damages. Of course, they know what their own damages are, but this case is not just about them. Walmart knows this—its Notice of Removal suggests that there might be as many as 32.5 million people in the Class, *see* R. 1, ¶11— so it has used a Rule 68 offer as an expedient means to avoid accountability to the Class rather than as a good-faith effort to settle.[1]

Finally, offering individual relief through Rule 68 exerts enormous pressure on a class representative, because it poses a real threat that she might be assessed costs. Faced with an action, such as this one, that will require a large amount of discovery, the easy choice is for the class representative to take the offer and abandon the class. The Eppses have honorably volunteered to represent others who may be entitled to receive benefits that Walmart kept for itself. However, if the Rule 68 offer stands, Walmart could impose its costs on them.

---

[1] Even the offer's very terms betray its true purpose. According to those terms, "Evidence of this Offer of Judgment is not admissible except in a proceeding to determine costs." *See* R. 7-1, Offer ¶3. Despite this language, Walmart submitted the offer to the Court the very day it provided it to the Eppses' counsel. Of course, attaching the offer to the Motion to Dismiss is necessary to Walmart's jurisdictional argument. Walmart appears to have never intended to keep the offer confidential between the parties as part of a good-faith attempt to settle.

In light of these considerations, multiple courts within the Eighth Circuit have stricken Rule 68 offers made in an attempt to moot class actions. For example, in *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330 (D. Minn. 2011), the defendant offered to settle the named plaintiff's individual claims prior to class certification. The offer contended that "[i]f Plaintiff does not accept this offer, he may become obligated to pay Defendant's cost incurred after the making of this offer." *Id.* at 332. The district court roundly rejected this "attempt[] to use the Rule 68 offer to pay off Plaintiff's individual claim for statutory damages in full to pressure Plaintiff into dropping the class action." *Id.* at 334. As the court reasoned, Rule 68 (including its cost provision) is intended to make a plaintiff think carefully about whether trial will benefit her more than the defendant's settlement amount. A plaintiff who represents only her own interests can make that calculation and accept payment. A plaintiff obliged to an entire class cannot:

> The purpose of Rule 68 might be served if Plaintiff had to weigh an offer from Defendant to settle the entire class claim against the chances of greater recovery for the class should the class action be certified and go to trial. But Plaintiff was not presented with that choice. Instead, Plaintiff was faced with the conflict between accepting the tendered amount of the judgment—a payment in full of his own individual claim for relief—or continuing to represent the interests of the class and trying to obtain relief for the entire class.

*Id.*

Like the court in *Johnson*, other district courts within the Eighth Circuit have stricken Rule 68 offers when made to settle individual claims prior to class certification. *See Lafollette v. Liberty Mut. Fire Ins. Co.*, No. 14-4147, 2015 U.S. Dist. LEXIS 2283, at *6–7

(W.D. Mo. Jan. 9, 2015) ("Forcing a named plaintiff to weigh her personal risks against the potential benefit to the remainder of the class—benefits in which she would share equally with the other class members—would threaten the entire class action mechanism."); *Claxton v. Kum & Go, L.C.*, No. 14-3385, 2014 U.S. Dist. LEXIS 138019, at *14 (W.D. Mo. Sept. 30, 2014) ("Defendant's offer of judgment submitted prior to class certification placed Plaintiff in position [sic] where his financial interests are at conflict with those of the putative class. Thus, Defendant's offer of judgment should be stricken."); *March v. Medicredit, Inc.*, No. 13-1210, 2013 U.S. Dist. LEXIS 171126, at *9 (E.D. Mo. Dec. 4, 2013) ("Defendant should not be able to use offers of judgment to thwart class actions."); *Lamberson v. Fin. Crimes Servs., LLC*, No 11-98, 2011 U.S. Dist. LEXIS 56614, at *9 (D. Minn. Apr. 13, 2011) ("[U]ntil class certification is decided, an offer should not interfere with obligations of the representative to the class."); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602 (D. Neb. 2007) ("Since GCC's offer of judgment addressed only Jenkins's individual claims, and the offer did not address the class demands, the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action."). Indeed, this approach is consistent with the way district courts across the country have handled individual offers of judgment in the class-action setting. *See Johnson*, 276 F.R.D. at 332 (citing cases from Ohio, California, and Pennsylvania).

In short, the rule is clear: Class representatives have an obligation to adequately represent the Class, and a defendant cannot pressure a class representative to elevate her own interests over that of the Class by making an individual offer of judgment before class certification. The Eppses respectfully request that the Court join the reasoning of other courts that have considered this issue and strike Walmart's Rule 68 offer of judgment.

Dated: April 13, 2015                              Respectfully submitted,

                                                   /s/ John C. Williams_____
                                                   HANK BATES (ABN 98063)
                                                   ALLEN CARNEY (ABN 94122)
                                                   JOHN C. WILLIAMS (ABN 2013233)
                                                   **CARNEY BATES & PULLIAM, PLLC**
                                                   2800 Cantrell Road, Suite 510
                                                   Little Rock, AR 72202
                                                   Tel: (501) 312-8500
                                                   Fax: (501) 312-8505
                                                   hbates@cbplaw.com
                                                   acarney@cbplaw.com
                                                   jwilliams@cbplaw.com

                                                   *Counsel for Plaintiffs and Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2015, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.


/s/ *John C. Williams*
John C. Williams