## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

LESLIE EPPS and WILLIAM EPPS,                                    PLAINTIFFS
individually and on behalf of all others
similarly situated

v.                                    No. 4:15CV00138 JLH

WAL-MART STORES, INC.                                            DEFENDANT

### OPINION AND ORDER

On February 5, 2015, Leslie Epps and William Epps commenced this putative class action against Wal-Mart Stores, Inc., in the Circuit Court of Pulaski County, Arkansas, alleging that Wal-Mart failed to credit the plaintiffs for the full amount of insurance proceeds that it received for services provided to the plaintiffs at the Wal-Mart Vision Center.  The plaintiffs seek relief on theories of conversion, unjust enrichment, and violations of the Arkansas Deceptive Trade Practices Act.  Leslie and William Epps claim damages of $55.00 and $35.00, respectively.  The complaint also seeks damages for a class of similarly-situated plaintiffs.  On March 10, 2015, Wal-Mart removed the action to this Court.

On March 30, 2015, Wal-Mart sent an offer of judgment to the plaintiffs under Federal Rule of Civil Procedure 68.  Wal-Mart offered judgment to Leslie Epps in the amount of $90.00 and to William Epps in the amount of $107.00.  Wal-Mart also offered pre- and post-judgment interest as well as a reasonable amount of attorneys' fees and costs accrued through the date of the offer in amounts to be determined by agreement or by the Court.  On the same day, Wal-Mart filed a motion to dismiss, arguing that the offer of judgment provides the complete relief that the named plaintiffs seek, that the named plaintiffs' claims are moot, and that the entire action must be dismissed for lack of an Article III case or controversy.  The plaintiffs have filed a response, moved to strike Wal-Mart's offer of judgment, and moved to certify the class.  For the reasons explained below,

Wal-Mart's motion to dismiss is denied, the plaintiffs' motion to strike is granted, and the plaintiff's

motion to certify the class is held in abeyance.

> Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims over
> which the federal court lacks subject-matter jurisdiction. In addition, Article III, § 2,
> of the United States Constitution limits federal court jurisdiction to actual cases or
> controversies. *See Genesis Healthcare Corp. v. Symczyk,* – U.S. –, 133 S. Ct. 1523,
> 1528 (2013); *Damasco v. Clearwire Corp.,* 662 F.3d 891, 894 (7th Cir. 2011). To
> invoke personal jurisdiction, a plaintiff must show that he has a personal stake in the
> outcome at all stages of the action. *Genesis,* 133 S. Ct. at 1528; *Damasco,* 662 F.3d
> at 894-95. "If an intervening circumstance deprives the plaintiff of a 'personal stake
> in the outcome of the lawsuit,' a[t] any point during litigation, the action can no
> longer proceed and must be dismissed as moot." *Genesis,* 133 S. Ct. at 1528
> (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-48 (1990) (internal
> quotation marks omitted)).

*March v. Medicredit, Inc.*, Case No. 4:13CV1210 TIA, 2013 WL 6265070, at *1 (E.D. Mo. Dec. 4,

2013).

Wal-Mart argues that the action is moot because it has offered the named plaintiffs a Rule 68

judgment in full satisfaction of their individual claims and because no motion for class certification

had been filed when Wal-Mart extended the offers. The plaintiffs have responded by filing a motion

for class certification and arguing that an unaccepted Rule 68 offer in full satisfaction of their

individual claims cannot moot a putative class action, and in any case, they argue, Wal-Mart's offer

fails to satisfy the entire demands of their individual claims because Wal-Mart has not offered

punitive damages, injunctive relief, attorneys' fees, or an incentive award for acting as a class

representative.

Under Federal Rule of Civil Procedure 68, "a party defending against a claim may serve on

an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If,

within 14 days after being served, the opposing party serves written notice accepting the offer, either

party may then file the offer and notice of acceptance, plus proof of service." Fed. R. Civ. P. 68(a).

"An unaccepted offer is considered withdrawn, but it does not preclude a later offer.  Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs."  Fed. R. Civ. P. 68(b).

Here, the plaintiffs did not accept Wal-Mart's offer within the 14-day period specified in Rule 68(a), so under Rule 68(b), Wal-Mart's "unaccepted offer is considered withdrawn" and is "not admissible."  Fed. R. Civ. P. 68(b).  However, contrary to *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 702 (11th Cir. 2014), and *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 954 (9th Cir. 2013), both following *Genesis Healthcare*, 133 S. Ct. at 1533-34 (Kagan, J., dissenting), applying this basic contract principle to the Rule 68 offer does not dispose of the Article III question regarding whether the action is moot.  *Hendricks v. Inergy, L.P.*, Case No. 4:12CV00069 JLH, 2013 WL 6984634, at *3-4 (E.D. Ark. July 18, 2013).  Rather, what creates the mootness issue is the offer itself, which seeks "to provide every form of individual relief the claimant seeks in the complaint." *Id.* at *4 (quoting *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 568 (6th Cir. 2013)).

Judge Schiltz has concisely summarized the current state of the law:

> Courts agree that, if the class has been certified, the fact that the named plaintiff's individual claim becomes moot does not necessarily moot the entire case. *See Sosna v. Iowa,* 419 U.S. 393, 401-02 (1975).  Courts also agree that, if the named plaintiff's claim becomes moot after class certification has been denied, he may pursue an appeal of the denial of his class-certification motion—necessarily implying that the entire case is not rendered moot.  *See Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 339-40 (1980); *see also Geraghty,* 445 U.S. at 404 ("an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied").  Finally, courts agree that if the individual claim of the named plaintiff becomes moot for some reason *other than a Rule 68 offer* before the named plaintiff moves to certify the class, the entire case is rendered moot.  *See Shipman v. Mo. Dep't of Family Servs.,* 877 F.2d 678, 682 (8th Cir.1989).  What courts do not agree upon is the question presented in this case: When a Rule 68 offer is made to a putative class representative before he moves to certify the putative class, and that Rule 68 offer includes all of the relief to which the putative class representative is personally

entitled but no relief for the other members of the putative class, does the Rule 68
offer moot the entire case?

*Harris v. Messerli & Kramer*, P.A., Case No. CIV 06CV4961 PJS/JJG, 2008 WL 508923, at *2

(D. Minn. Jan. 2, 2008).  Because Wal-Mart's offers apparently satisfy the named plaintiffs' entire

demands,[1] the question presented in *Harris* is identical in all relevant respects to that presented here.

As discussed *infra*, subsequent to *Harris* the greater weight of authority has found that a Rule 68

offer of judgment made before a motion for class certification that would provide full satisfaction

of the named plaintiff's individual claims does not moot a class action.

Wal-Mart relies principally, although not exclusively, on the Seventh Circuit's opinion in

*Damasco*.  662 F.3d 891.  There, the plaintiff filed a putative class action against Clearwire

Corporation in an Illinois state court, alleging that Clearwire violated the law by sending unsolicited

text messages to cell phone users.  *Id.* at 893.  Within a month, Clearwire offered to settle the case[2]

by paying the plaintiff and up to 10 other people $1,500 for each text message received, to pay court

costs, and to stop sending unsolicited test messages to mobile subscribers.  The plaintiff did not

respond to the offer, and four days later, Clearwire removed the suit to federal court.  The plaintiff

moved for class certification within a few hours of removal, and on the following day, Clearwire

moved to dismiss the case, arguing that its settlement offer stripped the plaintiff of his personal stake

in the case's outcome and mooted the action.  *Id.*  The plaintiff replied, among other things, that the

defendants should be prohibited from mooting a potential class action by "buying off" named

---

[1] The complaint does not seek punitive damages, which is the only individual relief to which
the plaintiffs might be entitled that would not be resolved by the Rule 68 offer of judgment.

[2] Clearwire made its offer of settlement before removing the action to federal court.  That
offer of settlement was not an offer of judgment under Federal Rule of Civil Procedure 68 or any
analogous state rule.  *See Damasco*, 662 F.3d at 897.

plaintiffs through involuntary settlements. *Id.* The district court held that "a complete offer of settlement made prior to the filing for class certification moots the plaintiff's claim," *id*. at 894, and it dismissed the case. On appeal, following *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994), the Seventh Circuit declined to adopt what it characterized as a potential class-action exception to the mootness doctrine, which would allow a plaintiff to prevent a claim from being mooted by moving to certify a class after receiving an offer in full satisfaction of his individual claim. *Damasco*, 662 F.3d at 895-96. The court held that where complete relief has been offered to the individual plaintiff, a complaint's identification of the suit as a class action does not create an Article III case or controversy. *Id.* at 896. The court went on to address the concern that a plaintiff could be "bought off" by explaining that a plaintiff could move to certify the class at the same time that he files his complaint and that the motion would protect a putative class from such a "pick off" attempt. *Id.* In response to the argument that this solution would provoke plaintiffs to move for certification prematurely, the court stated that plaintiffs could also ask the district court to delay its ruling to provide time for additional discovery or investigation. *Id.* The court further explained that this procedure is consistent with Federal Rule of Civil Procedure 23(c)(1)(A), which directs courts to determine whether to certify a class "at an early practicable time." *Id.*

The Third, Fifth, Ninth, Tenth, and Eleventh Circuits have disagreed with the Seventh Circuit on the question of whether a defendant's offer of complete relief to the named plaintiff prior to a motion for class certification moots the action. *See Stein*, 772 F.3d at 702-07 (holding that an unaccepted pre-motion-to-certify Rule 68 offer does not moot a named plaintiff's claim because the unaccepted offer was "considered withdrawn" under Rule 68(b) and alternatively holding that even if the named plaintiff's claim was mooted, the class claims would remain alive so long as the plaintiff acts diligently to pursue those class claims because subsequent certification of the class

relates back to the filing of the complaint); *Mabary v. Home Town Bank, N.A.*, 771 F.3d 820, 824 (5th Cir. 2014) (holding that where the plaintiff timely and diligently pursues class certification, an unaccepted pre-motion-to-certify Rule 68 judgment in full satisfaction of the named plaintiff's individual claims does not moot the action because the "relation back" exception applies and prevents a defendant from "picking off" a named plaintiff before the court has the opportunity to rule on class certification), opinion withdrawn (Jan. 8, 2015);[3] *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011) (holding that an unaccepted pre-motion-to-certify Rule 68 offer of judgment in full satisfaction of the named plaintiff's individual claims does not moot the claims of the class because subsequent certification relates back to the filing of the complaint); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011) (holding "that a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in full satisfaction of the named plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."); *Weiss v. Regal Collections*, 385 F.3d 337, 346-48 (3d Cir. 2004), as amended (Oct. 22, 2004) (applying the "relation back" doctrine due to the potential for "picking off" named plaintiffs and holding that where the named plaintiff has not unduly delayed seeking class certification, an unaccepted pre-motion-to-certify Rule 68 offer of full relief does not moot the action for class relief).

Wal-Mart also argues that two Supreme Court cases, *Genesis Healthcare*, 133 S. Ct. 1523, and *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013), lead to the

---

[3] Although the Fifth Circuit withdrew *Mabary*, it subsequently relied on it, albeit for a different point of law, *Frey v. First Nat'l Bank Sw.*, Case No. 13-10375, 2015 WL 728066, at *1-2 (5th Cir. Feb. 20, 2015); *see also Suttles v. Specialty Graphics, Inc.*, Case No. A-14-CA-505 RP, 2015 WL 590241, at *4-6 (W.D. Tex. Feb. 11, 2015).

conclusion that an offer of full satisfaction of a named plaintiff's claim before a class certification motion is filed moots the action and requires that it be dismissed. The question presented in *Genesis Healthcare* was whether a collective action brought under the Fair Labor Standards Act remained justiciable when the lone individual plaintiff's claim became moot. 133 S. Ct. at 1526. The Court declined to reach the question of whether an offer of full satisfaction of the named plaintiff's individual claim would moot the action in that context, stating, "While the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve this split, because the issue is not properly before us." *Id.* at 1528-29 (footnote omitted). Furthermore, the Court held that cases arising in the context of Rule 23 are inapplicable to the question there presented "because Rule 23 actions are fundamentally different from collective actions under the FLSA." *Id.* at 1529.

In *Standard Fire*, the issue was whether a plaintiff's pre-certification stipulation that he and the class he sought to represent would not seek more than five million dollars total in damages removed the case from the scope of the Class Action Fairness Act. 133 S. Ct. at 1347. The Court held, in part, that "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.* at 1349. That holding was based in part on the rule that a class representative owes a fiduciary duty not to "throw away what could be a major component of the class's recovery." *Id.* (quoting *Back Doctors Ltd. v. Metropolitan Property & Cas. Ins. Co.*, 637 F.3d 827, 830-31 (8th Cir. 2011)). That a class representative cannot bind class members before the class is certified suggests that the class has no legal status before it is certified, so an offer of full satisfaction of the named plaintiff's claim before the class is certified leaves no Article III case or controversy; but the fact that a class representative owes a fiduciary duty to class

members even before the class is certified suggests otherwise.  In short, *Standard Fire* does not answer the question posed here.

The Eighth Circuit has not directly addressed the question.  In *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935 (8th Cir. 2012), the Eighth Circuit held that where the defendant makes a Rule 68 offer of complete relief to the named plaintiff after the motion to certify has been denied, the proper action is not to dismiss the claim but to enter judgment for the defendant.  *See id.* at 949.  But *Hartis* does not provide any guidance about the effect of a pre-motion-to-certify offer of judgment. *Shipman* held that where a named plaintiff's personal claim is mooted by a legislative enactment before a motion to certify the class is filed, the court loses jurisdiction because there is no remaining Article III case or controversy.  877 F.2d at 682.  But *Shipman* likewise provides no guidance as to whether a pre-motion-to-certify offer of judgment to the named plaintiff can moot a class action.

However, *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996), does provide some guidance.  In that case, William Alpern filed a stockholder class action suit against UtiliCorp United, Inc., alleging, among other things, that UtiliCorp committed securities violations by fraudulently concealing adverse information through both affirmative misrepresentations and material omissions in order to maintain inflated stock prices.  *Id.* at 1531.  Alpern moved to certify the class, and then UtiliCorp moved for summary judgment.  *Id.*  The district court granted summary judgment on Alpern's affirmative misrepresentation claim, leaving only his material omission claim.  *Id.* at 1532. The court issued a companion order that denied the motion for class certification on the grounds that most of the potential claims had been dismissed and that Alpern's remaining material-omissions claim was atypical of claims by a class of purchasers on the open market.  *Id.*  On the next day, UtiliCorp made an offer to Alpern in the amount of $368.36 as payment for the stock he had purchased.  Alpern refused the payment because of his fiduciary duty to the proposed class.

8

UtiliCorp then moved to dismiss as moot Alpern's material-omissions claim, arguing that its tendered offer represented the maximum amount of relief that Alpern could recover.  The district court agreed, ordered payment delivered to the clerk of the court, and it closed the case.  *Id.*  Alpern filed a motion for reconsideration of his affirmative-misrepresentations claim pursuant to Rule 60(a), claiming that summary judgment on that claim was granted based on a typographical error in the complaint and arguing that there was now sufficient evidence for its claim to survive summary judgment.  *Id.* at 1533.  Alpern also sought to vacate the order denying class certification, arguing that his affirmative-misrepresentations claim was typical of the claims of purchasers on the open market.  *Id.*  The district court denied both motions, concluding that Rule 60(a) relief was not required because the typographical error was immaterial and because UtiliCorp's tendered offer had satisfied Alpern's claim for damages.  *Id.*  On appeal, the Eighth Circuit reversed, holding that the tendered offer of payment to Alpern was not a proper basis to deny Rule 60(a) relief.  *Id.* at 1539.  The court explained that Alpern was not required to accept the offer of payment, and that "[j]udgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit."  *Id.*  The court continued:

> This rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims.  *See Roper v. Consurve, Inc.,* 578 F.2d 1106, 1110 (5th Cir.1978), *aff'd sub. nom. Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper,* 445 U.S. 326, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980).  Acceptance of a tendered offer "need not be mandated," as then Justice Rehnquist explained, "since the defendant has not offered all that has been requested in the complaint (*i.e.,* relief for the class)."  *Deposit Guaranty Nat. Bank,* 445 U.S. at 341, 100 S. Ct. at 1175 (concurring opinion).

*Id.* The Eighth Circuit concluded that "Alpern properly rejected UtiliCorp's offer of payment because it only covered his individual claim and did not provide any requested relief for the class." *Id.*

Several district court opinions in this circuit have followed the guidance of *Alpern*, finding that a pre-motion-to-certify Rule 68 offer of judgment that would satisfy only the named plaintiff's claim fails to offer complete relief for the claims of the class and so does not moot the class action. *Sandusky Wellness Ctr. LLC v. Medtox Scientific, Inc.*, Case No. CIV. 12-2066 DSD/SER, 2013 WL 3771397, at *2 (D. Minn. July 18, 2013); *Mertz v. Lindell Bank & Trust Co.*, Case No. 4:10CV2098 HEA, 2012 WL 1080824, at *1 (E.D. Mo. Mar. 30, 2012); *Harris*, 2008 WL 508923, at *3-4; *Jancik v. Cavalry Portfolio Servs., LLC*, Case No. CIV.06-3104(MJD/AJB), 2007 WL 1994026, at *4 (D. Minn. July 3, 2007); *Liles v. American Corrective Counseling Servs., Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001); *see also Johnson v. Midwest ATM, Inc.*, 881 F. Supp. 2d 1071, 1073 (D. Minn. 2012) (declining to address concerns about attempts to "pick off" the named plaintiff where the defendant offered full class-wide relief, thereby mooting the action).

Other opinions of district courts in this circuit have held that an unaccepted pre-motion-to-certify Rule 68 offer of complete relief to the named plaintiff is ineffective to moot the named plaintiff's claim because the cost-sharing provision of Rule 68(d) creates a conflict of interest between the class representative and the class members. As one court explained:

> If a plaintiff refuses an offer of judgment and later obtains a judgment for less than the offer, then in accordance with Rule 68(d), the plaintiff becomes liable to the defendant for all costs incurred after the offer. In the context of a putative class action, this creates a potential conflict of interest between the putative class representative and the putative class. If the final judgment is less than the unaccepted offer, the representative arguably is subject to cost liability, but this risk is not borne by the class. For this reason, the representative has an incentive to avoid litigation or settle, to the possible detriment of the class.

*Lamberson v. Fin. Crimes Servs.*, LLC, Case No. CIV. 11-98 RHK/JJG, 2011 WL 1990450, at *1 (D. Minn. Apr. 13, 2011) report and recommendation adopted, Case No. CIV. 11-98 RHK/JJG, 2011 WL 1990447 (D. Minn. May 23, 2011); *see also Claxton v. Kum & Go, L.C.*, Case No. 6:14-CV-03385-MDH, 2014 WL 4854692, at *5 (W.D. Mo. Sept. 30, 2014) (slip opinion); *Prater v. Medicredit, Inc.*, 301 F.R.D. 398, 401 (E.D. Mo. 2014); *March v. Medicredit, Inc.*, Case No. 4:13CV1210 TIA, 2013 WL 6265070, at *4 (E.D. Mo. Dec. 4, 2013) (slip opinion); *Johnson v. U.S. Bank Nat. Ass'n*, 276 F.R.D. 330 (D. Minn. 2011); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602 (D. Neb. 2007).

A decision from the Western District of Missouri has held that an offer to satisfy in full a named plaintiff's claim moots the action, but that case is distinguishable on the facts because there the plaintiff unduly delayed moving for class certification.  *Goans Acquisition, Inc. v. Merch. Solutions, LLC*, Case No. 12-00539-CV-S-JTM, 2013 WL 5408460, at *7 (W.D. Mo. Sept. 26, 2013) (following *Damasco* and holding that the named plaintiff's claim, and hence, the class claims, were moot where the defendant made unaccepted pre-motion-to-certify Rule 68 offers of judgment and the plaintiff failed to move for class certification until three-and-a-half years after initially filing the class action complaint).  In addition, a decision from the District of Minnesota has followed the Seventh Circuit, holding that an offer to satisfy in full the named plaintiff's claim mooted the action even though there had been no undue delay in moving for class certification.  *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 564-65 (D. Minn. 2002).

Wal-Mart cites the undersigned judge's opinion in *Hendricks* as on point, but it is not. *Hendricks* was an FLSA collective action case.  2013 WL 6984634, at *4-5.  There, the Court held that "a plaintiff's claim can be satisfied without the plaintiff's consent when the defendant offers to pay all that the plaintiff has demanded."  *Id.* at *5.   But this Court distinguished Rule 23 class

actions, stating that once a defendant in an FLSA collective action has agreed to pay all that the individual plaintiff has demanded, that action "cannot proceed because, unlike a class certification under Rule 23, conditional certification of a collective action under the FLSA 'does not produce a class with an independent legal status, or join additional parties to the action.'" *Id.* at *4 (quoting *Genesis Healthcare*, 133 S. Ct. at 1530). *See also Campbell v. Nw. Health & Rehab, Inc.*, Case No. 4:12-CV-176-DPM, 2014 WL 584368, at *1 (E.D. Ark. Feb. 13, 2014) (adopting the analysis of *Hendricks*). *Hendricks* suggested that "[i]n the Rule 23 context, the class may have a pre-certification legal status separate from the individual interest of the class representative, so at some point a defendant's offer to satisfy the class representative's individual claim does not moot the entire case." 2013 WL 6984634, at *5.

The nature and extent of the legal status of a class prior to certification is opaque; but that the class has some legal status prior to certification seems certain, for even in the Seventh Circuit a pre-certification offer of full satisfaction of a named plaintiff's claim does not divest the court of jurisdiction if a motion for certification has been filed. *Damasco*, 662 F.3d at 895-96. As indicated, the Seventh Circuit dates this legal status from the filing of a motion for class certification, whereas other circuits date it from the filing of the complaint. The rule of a majority of circuits – that a class has sufficient legal status from the time that the complaint is filed so that a case or controversy exists even if the defendant offers full relief to the named plaintiff – aligns with two other aspects of class action law. First, filing a class action complaint tolls the statute of limitations as to all of the potential members of the class. *Crown, Core & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54, 103 S. Ct. 2392, 2397-98, 76 L. Ed. 2d 628 (1983). Second, as the Supreme Court noted in *Standard Fire*, a class representative owes a fiduciary duty to absent class members. *Standard Fire*, 133 S. Ct. at 1349. That duty commences when the complaint is filed. "By the very act of filing a class

12

action, the class representatives assume responsibilities to members of the class." *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110 (5th Cir. 1978).[4] Therefore, "[t]hey may not terminate their duties by taking satisfaction; a cease-fire may not be pressed upon them by paying their claims." *Id*. If the class has sufficient legal status at the time the complaint is filed so that class representatives owe a fiduciary duty to the class members from that date forward, and if filing the complaint tolls the statute of limitations as to all potential class members, then the legal status of the class is sufficiently real to create a case or controversy between the class and the defendant from the time the complaint is filed so that the defendant cannot deprive the court of jurisdiction by offering full satisfaction of the class representatives' individual claims, unless there has been undue delay in filing a motion for class certification.[5]

Based upon the Eighth Circuit's guidance in *Alpern*, the opinions of the majority of courts of appeal to have addressed the issue, the opinions of the majority of district courts in this circuit, and the reasons stated in the preceding paragraph, the Court holds that a defendant cannot deprive the Court of jurisdiction under Article III, section 2 of the Constitution by making an offer to satisfy

---

[4] The Seventh Circuit initially held that when a motion for class certification is pending a defendant cannot render a case moot by offering to satisfy the named plaintiffs' claims in *Susman v. Lincoln American Corp.*, 587 F.2d 866, 870-71 (7th Cir. 1978).  In so doing, the court cited the Fifth Circuit's decision in *Roper* for the proposition that by the very act of filing a class action, the class representatives assume responsibilities to the class as a whole.  *Id*.  In *Susman*, the offer was made after the motion for class certification had been filed, but *Susman*'s rationale is consistent with the proposition that when the complaint is filed the class has sufficient legal status that the defendant cannot moot the action by offering full satisfaction of the named plaintiffs' claims.

[5] Although it may seem odd that undue delay on the plaintiff's part could make a difference in whether an Article III case or controversy exists, the rationale apparently is that if the plaintiff does not file a motion for class certification within a reasonable time, the defendant and the Court may presume that the plan to file such a motion has been abandoned.

in full the named plaintiffs' individual claims before a class certification motion has been filed unless there has been undue delay in filing a class certification motion.

Here, Wal-Mart made its Rule 68 offer and filed its motion to dismiss less than two months after the plaintiffs filed their initial class-action complaint; the plaintiffs have not unduly delayed filing a certification motion.

Courts in this circuit finding that a Rule 68 offer of judgment creates a conflict of interest between the named plaintiff and the unnamed class members have routinely granted the plaintiff's motion to strike. *See Claxton*, 2014 WL 4854692, at *5; *Prater*, 301 F.R.D. at 401; *March*, 2013 WL 6265070, at *4; *Lamberson*, LLC, 2011 WL 1990450, at *1; *Johnson v. U.S. Bank Nat. Ass'n*, 276 F.R.D. at 336 ; *Jenkins*, 246 F.R.D. at 603. *See also Mertz*, 2012 WL 1080824, at *2. Because Wal-Mart's offer creates a conflict of interest between the named and unnamed plaintiffs, striking the Rule 68 offer of judgment is appropriate in this case.

## CONCLUSION

For the reasons set forth above, Wal-Mart's motion to dismiss is DENIED.  Document #7. The plaintiffs' motion to strike Wal-Mart's Rule 68 offer of judgment is GRANTED.  Document #11.  And the plaintiffs' motion for class certification (Document #13) will be held in abeyance until a more "practicable time," Fed. R. Civ. P. 23(c)(1)(A), after the parties have had the opportunity to conduct discovery and to brief the class certification issues.

IT IS SO ORDERED this 21st day of May, 2015.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

14